IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x
LARETA MIRZADJANYAN, :
on behalf of plaintiff and a class, :
 :
                Plaintiff, : Case No.
 :
     vs. :
 :
CENTRAL CREDIT SERVICES, LLC; :
and JHPDE FINANCE 1, LLC, :
 :
                Defendants. :
-------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Lareta Mirzadjanyan brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Central Credit Services, LLC and JHPDE Finance 1, LLC ("JHPDE"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' collection communication (Exhibit A) was received by plaintiff within this District;

   b. Defendants do or transact business within this District.

## PARTIES

9. Plaintiff Lareta Mirzadjanyan is an individual who resides in Brooklyn, New York.

10. Defendant Central Credit Services, LLC is a limited liability company organized under Delaware law with its principal office at 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

11. Central Credit Services, LLC operates a collection agency, using the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

12. Central Credit Services, LLC is a debt collector as defined in the FDCPA.

13. JHPDE is a limited liability company chartered under Delaware law with principal

offices at 5757 Phantom Drive, Suite 225, Hazelwood, MO 63042.

14. JHPDE is engaged in the principal business of acquiring (or claiming to acquire) and liquidating defaulted consumer debts.

15. On information and belief, all or a majority of JHPDE's revenue is derived from the liquidation of consumer debts.

16. JHPDE liquidates some of the consumer debts itself, by filing lawsuits.

17. For example, JHPDE has filed over 175 collection lawsuits against consumers in New York (Exhibit B). It also files collection lawsuits in other states, including California, Connecticut, Florida, Indiana, Kansas, Louisiana, Missouri, New Jersey, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, and Wisconsin. The total number of lawsuits filed by JHPDE to collect money from consumers exceeds 3,000.

18. The mails and telephone system are used in connection with such lawsuits.

19. JHPDE's sole member is JH Portfolio Debt Equities, LLC, which uses the same address as JHPDE. JH Portfolio Debt Equities, LLC states that the organization duns some consumers itself: "Have You Heard from JH Portfolio Debt Equities? If you are one of our consumers, you might have received something in the mail or received a call from us. JH Portfolio Debt Equities, LLC acquires charged-off accounts from some of the nation's largest lenders and works with select partners to resolve the accounts with consumers. Accounts are often considered charged-off when 180 days or more have passed without the required minimum monthly payment." (https://jhportfoliodebtequities.com/consumers/)

20. In other cases, JHPDE hires collection agencies such as Central Credit Services, LLC to dun consumers.

21. JH Portfolio Equities' overall business is described as follows on a web site maintained under the assumed name of JH Capital Group: "JH Portfolio Debt Equities is a nationally licensed debt purchaser of charged off consumer debt, including credit card and consumer installment loans, healthcare, government, mortgage and student loan distressed debt.

JH uses a variety of operational channels to maximize collections, and has developed a fully compliant collection platform that ISO 27001, SSAE 16 and PCI compliant as well as a network of partners who are just as devoted to compliance and customer service. JH is certified by the Debt Buyer's Association (DBA), and its clients include global financial institutions. (https://jhcapitalgroup.com/portfolio/)

22. JHPDE is a debt collector as defined in the FDCPA.

## FACTS

23. Defendants have been attempting to collect from plaintiff an alleged credit card debt, incurred (if at all) for personal, family or household purposes and not for business purposes.

24. On or about June 15, 2018, defendant Central Credit Services, LLC, acting on behalf of defendant JHPDE, as its authorized agent, sent plaintiff the letter attached as Exhibit A.

25. Exhibit A is the first letter plaintiff received from defendant Central Credit Services, LLC regarding the alleged debt described therein.

26. Exhibit A is a form letter, filled out by computer in a standardized manner.

27. On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant Central Credit Services, LLC sends to a consumer regarding the debt described therein.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. The form letter attached as Exhibit A violates 15 U.S.C. §1692e, 1692e(2), 1692e(10) and 1692g. It fails to coherently state the amount of the debt, as required, and is confusing and misleading as to the amount of the debt, in that:

    a. The front of the letter states that the balance due is $5,674.35;

    b. At the top of the reverse side of the letter is an itemization which describes the same $5,674.35 number as the total due as of charge-off, and which

further states that the debt has increased subsequent to charge-off by $431.43 interest and $212 non-interest fees and charges, and that there have been no payments or credits since charge-off.

30. This is mathematically nonsensical: $5,674.35 + $431.43 + $212 - $0 is not $5,674.35.

31. In addition, the letter is ambiguous and inconsistent as to whether interest, fees and other charges are continually being added to the debt.

32. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> **(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**
>
>> **(1) the amount of the debt;**
>>
>> **(2) the name of the creditor to whom the debt is owed;**
>>
>> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>>
>> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>>
>> **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt**

collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

33. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2) The false representation of—

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

35. The class consists of (a) all individuals (b) with New York addresses, (c) to

whom defendant Central Credit Services, LLC sent a letter in the form represented by Exhibit A (d) on behalf of defendant JHP, (e) where the amount listed for the debt as of the date of the letter does not equal the amount listed for the debt as of chargeoff plus any interest, charges and fees accrued since chargeoff minus any payments and credits since chargeoff, (f) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

36. On information and belief, based on defendants' size and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

40. A class action is superior for the fair and efficient adjudication of this matter, in that:

    c. Individual actions are not economically feasible.

    d. Members of the class are likely to be unaware of their rights;

    e. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
                                                        Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

Daniel C. Cohen
COHEN & MIZRAHI LLP
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
(929) 575-4175
(929) 575-4195 (FAX)
dan@cml.legal

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                              <u>s/Tiffany N. Hardy</u>
                                              Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\35596\Complaint 12.17.18_.wpd

# EXHIBIT A

P.O. Box 1259, Dept. #126233
Oaks, PA 19456

|||||||||||||||||||||||||||||||||||
Return Mail Only - Do not send mail to this address

# Central Credit Services LLC
9550 Regency Square Blvd, Suite 500
Jacksonville, FL 32225
(866) 845-5559
MONDAY-THURSDAY 8AM-9PM, AND FRIDAY 8AM-5PM
SATURDAY 8AM-12PM
CENTRAL TIME

LARETA MIRZADJANYAN

June 15, 2018
Central Credit Services #:

**Account(s) in our office:**
**Current Creditor:** JHPDE FINANCE 1 LLC      **Original Creditor:** CITIBANK N.A.
**Debt Description:**      **Account #:**      **Balance Due:**
CITI THANKYOU PREFERRED      $5,674.35

As described in this letter, the identified Current Creditor has purchased the above Account(s). Your Account(s) has been sent to us for collection. If you are unable to remit the total balance for the Account(s) we have two payment options available for you, we are not obligated to renew these offers:

Option 1: Split the total balance into 3 installments over 3 consecutive months to pay in full. To fulfill this option make the following payments: month 1 $1891.45; month 2 $1891.45; month 3 $1891.45. Your first payment is due in our office within 45 days from the date of this letter. Remaining payments are due every 30 days thereafter until paid in full. Should you fail to complete the arrangement proposed under this option any payments made will be applied to the balance due shown above.

Option 2: Reduced Payment Option. Pay a onetime payment of $2,837.18 to resolve the above Account(s) balance for less than the total balance. Provided the payment made is not reversed or otherwise returned as unpaid, no further attempts will be made to collect the remaining balance. Your payment is due in our office within 45 days from the date of this letter.

Kindly remit your payment using the coupon below, or you may also make a payment online at www.makethispayment.com/JHC

Pay Online: www.makethispayment.com/JHC

Or scan the QR code here: 

Pay by Phone: (866) 845-5559

Pay by Mail: Send payments to: Central Credit Services LLC P.O. Box 390916 Minneapolis, MN 55439-0916

The preceding information does not affect your rights set forth below:
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose. Calls to or from this company may be monitored or recorded.

---

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Pay online at www.makethispayment.com/JHC or detach here and return with payment 

126234-IDNS0050-239

Date: June 15, 2018
Central Credit Services #:
Balance Due: $5,674.35
☐ **Option 1: 3 Installments**
☐ **Option 2: Reduced Payment Option:** $2,837.18
Amount Enclosed: $_____

Central Credit Services LLC
9550 Regency Square Blvd, Suite 500
Jacksonville, FL 32225
(866) 845-5559

OFFICE HOURS (CT): MONDAY-THURSDAY 8AM-9PM, FRIDAY 8AM-5PM, AND SATURDAY 8AM-12PM

☐ Check here if your address or phone numbers have changed
Please update changes on reverse side.
LARETA MIRZADJANYAN

Send all payments and correspondence To:

Central Credit Services LLC
P.O. Box 390916
Minneapolis, MN 55439-0916

In accordance with NY State regulatory requirements, please be advised of the following:

| Original Creditor Name | Original Creditor Number | Total Due as of Charge-Off | Total Interest Accrued Since Charge-Off | Total Non-Interest Charges or Fees Accrued Since Charge-Off | Total Payments Made or Credits Applied Since Charge-Off |
|---|---|---|---|---|---|
| CITIBANK N.A. | | $5674.35 | $431.43 | $212.00 | $0.00 |

Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

In compliance with NYC Code Section 20-493.1 and Yonkers City Code § 31-162, contact Lynne Stahle of Central Credit Services LLC at (866) 334-2793.

New York City Department of Consumer Affairs License Numbers: 1469470, 2016914, 2016916, 2016918, 2016920, 2016922, 2016925

Please update change of address and phone(s) below:

| STREET ADDRESS or PO BOX | | | |
|---|---|---|---|
| CITY | | STATE | ZIP CODE |
| TELEPHONE #1 | | | |
| TELEPHONE #2 | | | |
| TELEPHONE #3 | | | |

**EXHIBIT B**



# WebCivil Local - Case Search Results

176 Case(s) Match Your Search.  **Page 1 of 8 pages**
[First Page]   [Next Page]   [Previous Page]   [Last Page]   Select Records Range: | 1-25 ▼ |   [New Search]
[Edit Search]

Please click the number in the first column or the index number to view case details.

| | Court | Index Number | Case Status | Plaintiff | First Plaintiff Firm | Defendant | First Defendant Firm | Appearance Date | Judge/Part | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Bronx County Civil Court | CV-014888-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Richard D Frusciante | | 01/24/2019 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 2 | Bronx County Civil Court | CV-014894-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Juana E Mercedes | | 01/18/2019 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 3 | Bronx County Civil Court | CV-014949-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Kelvin A Luna | | 01/11/2019 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | M |
| 4 | Bronx County Civil Court | CV-014962-18/BX | Active | JHPDE Finance I LLC | Grossman & Karaszewski, PLLC | Comfort Reimmer | | 12/18/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 5 | Bronx County Civil Court | CV-017708-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Angela Fernandez | | 12/18/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 6 | Bronx County Civil Court | CV-017828-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Jazmine L Hill | | 11/20/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 7 | Bronx County Civil Court | CV-017951-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Adebukola Ayoade | | 11/23/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 8 | Bronx County Civil Court | CV-018139-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Daniela Sorcia Juarez | | 11/28/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt | |
| 9 | Bronx County Civil Court | CV-018149-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Craubel Mercedes | | 11/27/2018 | No Justice Recorded Part 11C - Non- | |

| # | Court | Case Number | Status | Plaintiff | Plaintiff Attorney | Defendant | | Next Appearance | Part |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Jury - Self-Represented - Consumer Debt |
| 10 | Bronx County Civil Court | CV-018295-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Prosper Ocloo | | 12/04/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 11 | Bronx County Civil Court | CV-018542-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Jose A Delsolar | | 12/20/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 12 | Bronx County Civil Court | CV-018549-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Arios Jeanpharuns | | 12/07/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 13 | Bronx County Civil Court | CV-018550-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Aziza C Myers | | 12/06/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 14 | Bronx County Civil Court | CV-018562-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Zoila Y Burgos | | 11/28/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 15 | Bronx County Civil Court | CV-018565-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Gisel Melendez | | 12/14/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 16 | Bronx County Civil Court | CV-018568-18/BX | Active | JHPDE Finance I, LLC | Grossman & Karaszewski, PLLC | Christopher P Tyndall | | 12/06/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 17 | Bronx County Civil Court | CV-018684-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Ameyo N Garner | | 11/29/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 18 | Bronx County Civil Court | CV-019233-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Kenneth Lamey | | 12/11/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 19 | Bronx County Civil Court | CV-019410-18/BX | Active | JHPDE Financial 1,LLC | Forster & Garbus LLP | Norma L Tejada | | 12/18/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 20 | Bronx County Civil Court | CV-019425-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Elba R Garcia | | 12/19/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 21 | Bronx County Civil Court | CV-019454-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Carmen Pena-Degutierrez | | 12/14/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 22 | Bronx County Civil Court | CV-019461-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Ruby Reddicks | | 12/20/2018 | No Justice Recorded Part 11C - Non- |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Jury - Self-Represented - Consumer Debt |
| 23 | Bronx County Civil Court | CV-020125-18/BX | Active | JHPDE Finance 1, LLC | Forster & Garbus LLP | Eileen G Lastra | | 12/14/2018 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |
| 24 | Kings County Civil Court | CV-021374-18/KI | Active | JHPDE FINANCE I, LLC, | GROSSMAN & KARASZEWSKI, PLLC | HARRY AKERMAN | | 04/10/2019 | Honorable Lizette Colon Part 61 |
| 25 | Kings County Civil Court | CV-021376-18/KI | Active | JHPDE FINANCE I, LLC | GROSSMAN & KARASZEWSKI | JABES VASQUEZ MENDEZ | | 02/14/2019 | No Justice Recorded Part 11C - Non-Jury - Self-Represented - Consumer Debt |

[First Page] [Next Page] [Previous Page] [Last Page]  Select Records Range: 1-25 ▼  [New Search]
[Edit Search]