## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

LARETA MIRZADJANYAN,

        **Plaintiff,**

                          **Case No. 1:18-cv-07190-DLI-SMG**

v.

CENTRAL CREDIT SERVICES, LLC;
and JHPDE FINANCE I, LLC,

        **Defendant.**

                                       /

## DEFENDANT RADIUS GLOBAL SOLUTIONS, LLC, f/k/a CENTRAL CREDIT SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Radius Global Solutions, LLC, f/k/a Central Credit Services, LLC ("RGS"), and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Class Action Complaint filed by plaintiff Lareta Mirzadjanyan ("plaintiff"), and states:

### INTRODUCTION/PRELIMINARY STATEMENT

1.      RGS admits plaintiff purports to bring this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any and all liability, violations, and/or wrongdoing under the law.

2.      The FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations state otherwise, they are denied.

3.      RGS denies the allegations in ¶ 3 as calling for a legal conclusion.

4.      RGS denies the allegations in ¶ 4 as calling for a legal conclusion.

5.      RGS denies the allegations in ¶ 5 as calling for a legal conclusion.

6.      RGS denies the allegations in ¶ 6.

## VENUE AND JURISDICTION

7.      RGS denies the allegations in ¶ 7 as calling for a legal conclusion.

8.      RGS denies the allegations in ¶ 8 as calling for a legal conclusion.

## PARTIES

9.      RGS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

10.     RGS admits the allegations in ¶ 10.

11.     RGS admits that it engages in debt collection and debt collection related services and uses the mails and telephone system in the normal course of its business activities.  Except as specifically admitted, RGS denies the allegations in ¶ 11.

12.     RGS denies the allegations in ¶ 12 as calling for a legal conclusion.

13.     RGS denies the allegations in ¶ 13 for lack of knowledge or information sufficient to form a belief therein.

14.     RGS denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15.     RGS denies the allegations in ¶ 15 for lack of knowledge or information sufficient to form a belief therein.

16.     RGS denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17.     RGS denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18.     RGS denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19.     RGS denies the allegations in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20.     RGS denies the allegations in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

21.     RGS denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22.     RGS denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

## FACTS

23.     RGS denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein and as calling for a legal conclusion.

24.     RGS admits that correspondence of the type attached as Exhibit A was forwarded to plaintiff in a lawful attempt to collect a debt.  Except as specifically admitted, RGS denies the allegations in ¶ 24.

25.     RGS admits the allegations in ¶ 25, upon information and belief.

26.     RGS denies the allegations in ¶ 26 as worded.

27.     RGS denies the allegations in ¶ 27 as worded.

## COUNT I – FDCPA

28.     RGS reasserts the foregoing as if fully stated herein.

29.     RGS denies the allegations in ¶ 29.

30.     The letter is a writing which speaks for itself and is the best evidence of its contents.  To the extent the allegations states otherwise, they are denied.

31.     The letter is a writing which speaks for itself and is the best evidence of its contents.  To the extent the allegations states otherwise, they are denied.

32.     Section 1692g of the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations states otherwise, they are denied.

33.     Section 1692e of the FDCPA speaks for itself and is the best evidence of its contents.  To the extent the allegations states otherwise, they are denied

## CLASS ALLEGATIONS

34.     RGS admits that plaintiff purports to bring this class action pursuant to the Federal Rules of Civil Procedure on behalf of a class as defined in ¶ 34, but denies the allegations in ¶ 34 and further denies that this lawsuit meets the requirements of a class action.

35.     RGS admits that plaintiff purports to define the class as defined in ¶ 35, but denies the allegations in ¶ 35 and further denies that this lawsuit meets the requirements of a class action.

36.     RGS denies the allegations in ¶ 36 and further denies that this lawsuit meets the requirements of a class action.

37.     RGS denies the allegations in ¶ 37 and further denies that this lawsuit meets the requirements of a class action.

38.     RGS denies the allegations in ¶ 38 and further denies that this lawsuit meets the requirements of a class action.

39.     RGS denies the allegations in ¶ 39 and further denies that this lawsuit meets the requirements of a class action.

40.     RGS denies the allegations in ¶ 40 and its subparts, and further denies that this lawsuit meets the requirements of a class action.

## PRAYER FOR RELIEF

RGS denies that plaintiff is entitled to the relief sought.

## RGS's AFFIRMATIVE DEFENSES

1.      To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.      RGS denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of RGS purported violations.

3.      Any harm suffered by Plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

4.      Plaintiff fails in whole or in part to satisfy the requirements for a class action.

5.      This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

6.      Plaintiff's claims may be subject to an arbitration agreement and class bar.

7.     To the extent any violation(s) is(are) found, the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which such noncompliance was unintentional, militate in favor of no statutory damages.

8.     To the extent plaintiff has sustained any actual damages, which is expressly denied, plaintiff has failed to mitigate those damages.

9.     Plaintiff fails to state a claim upon which relief may be granted.

10.    Plaintiff has failed to allege concrete actual or imminent harm caused by the alleged wrongful acts.

WHEREFORE, Defendant Radius Global Solutions, LLC, f/k/a Central Credit Services, LLC, requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated:  February 1, 2019                         Respectfully Submitted,


                                                 /s/Andrew J. Blady
                                                 Andrew J. Blady, Esq.
                                                 Sessions Fishman Nathan & Israel
                                                 3682 Green Ridge Road
                                                 Furlong, PA 18925
                                                 Telephone: (267) 544-0840
                                                 Facsimile:  (267) 935-7382
                                                 Email: ablady@sessions.legal
                                                 *Counsel for Defendant,*
                                                 Radius Global Solutions, LLC, f/k/a
                                                 Central Credit Services, LLC

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019 a copy of the foregoing was served

electronically via CM/ECF on the following:

Tiffany N. Hardy, Esq.                           Daniel Cohen. Esq.
Edelman, Combs, Latturner & Goodwin              Cohen & Mizrahi LLP
20 S. Clark Street Suite 1500                    300 Cadman Plaza W, 12th Floor
Chicago, Illinois, 60603                         Brooklyn, New York  11201


/s/ Andrew J. Blady
Andrew J. Blady, Esq.

7