UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARETA MIRZADJANYAN, on behalf of plaintiff and a class,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL CREDIT SERVICES, LLC, and JHPDE FINANCE 1, LLC<br><br>Defendants. | Civil Action No. 1:18-cv-07190 |

**JHPDE DEBT EQUITIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF LARETA MIRZADJANYAN'S COMPLAINT**

Defendant JHPDE Finance 1, LLC ("JHPDE" or "Defendant"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Lareta Mirzadjanyan ("Mirzadjanyan" or "Plaintiff"). In support thereof, JHPDE avers as follows:

**INTRODUCTION**

1. Plaintiff Lareta Mirzadjanyan brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Central Credit Services, LLC and JHPDE Finance 1, LLC ("JHPDE"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCP A").

**ANSWER: JHPDE admits that Plaintiffs filed the instant purported class action Complaint seeking redress for alleged violations of the Fair Debt Collection Practices Act but denies any wrongdoing or violations of any law. JHPDE denies each and every allegation in Paragraph 1 not specifically admitted herein.**

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER: The allegations in Paragraph 2 contain conclusions of law to which no response is required.**

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER: The allegations in Paragraph 3 contain conclusions of law to which no response is required.**

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER: The allegations in Paragraph 4 contain conclusions of law to which no response is required.**

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: The allegations in Paragraph 5 contain conclusions of law to which no response is required.**

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 et seq.

**ANSWER: JHPDE admits that Plaintiffs filed the instant purported class action Complaint seeking redress for alleged violations of the Fair Debt Collection Practices Act but denies any wrongdoing or violations of any law. JHPDE denies each and every allegation in Paragraph 6 not specifically admitted herein.**

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

**ANSWER: The allegations in Paragraph 7 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE admits that Plaintiff purports to state a claim which would be within the jurisdiction of this Court but denies that Plaintiff actually states a claim for which she is entitled to relief.**

8. Venue and personal jurisdiction in this District are proper because:
    a. Defendants' collection communication (Exhibit A) was received by plaintiff within this District;
    b. Defendants do or transact business within this District.

**ANSWER: The allegations in Paragraph 8 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE admits that Plaintiff purports to state a claim which would be within the jurisdiction of this Court and for which this Court would be the proper venue; but JHPDE denies that Plaintiff actually states a claim for which she is entitled to relief.**

## PARTIES

9. Plaintiff Lareta Mirzadjanyan is an individual who resides in Brooklyn, New York.

**ANSWER: Upon information and belief, JHPDE admits that Plaintiff is an individual who resides in Brooklyn, New York.**

10. Defendant Central Credit Services, LLC is a limited liability company organized under Delaware law with its principal office at 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225.

**ANSWER: The allegations contained in Paragraph 10 are directed at a party other than JHPDE and thus no response is required.**

11. Central Credit Services, LLC operates a collection agency, using the mails and telephone system to collect defaulted consumer debts allegedly owed to others.

**ANSWER: The allegations contained in Paragraph 11 are directed at a party other than JHPDE and thus no response is required.**

12. Central Credit Services, LLC is a debt collector as defined in the FDCPA.

**ANSWER: The allegations contained in Paragraph 12 are directed at a party other than JHPDE and thus no response is required.**

13. JHPDE is a limited liability company chartered under Delaware law with principal offices at 5757 Phantom Drive, Suite 225, Hazelwood, MO 63042.

**ANSWER: Admitted.**

14. JHPDE is engaged in the principal business of acquiring (or claiming to acquire) and liquidating defaulted consumer debts.

**ANSWER: Denied.**

15. On information and belief, all or a majority of JHPDE's revenue is derived from the liquidation of consumer debts.

**ANSWER: JHPDE is unsure of what is meant by "liquidation of consumer debts. JHPDE denies that it directly engages in collection activities.**

16. JHPDE liquidates some of the consumer debts itself, by filing lawsuits.

**ANSWER: JHPDE admits that it was a named plaintiff in lawsuits filed by attorneys who represent JHPDE.**

17. For example, JHPDE has filed over 175 collection lawsuits against consumers in New York (Exhibit B). It also files collection lawsuits in other states, including California, Connecticut, Florida, Indiana, Kansas, Louisiana, Missouri, New Jersey, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, and Wisconsin. The total number of lawsuits filed by JHPDE to collect money from consumers exceeds 3,000.

**ANSWER: JHPDE admits that it was a named plaintiff in lawsuits filed by attorneys who represent JHPDE.**

18. The mails and telephone system are used in connection with such lawsuits.

**ANSWER: Admitted.**

19. JHPDE's sole member is JH Portfolio Debt Equities, LLC, which uses the same address as JHPDE. JH Portfolio Debt Equities, LLC states that it duns some consumers itself: "Have You Heard from JH Portfolio Debt Equities? If you are one of our consumers, you might have received something in the mail or received a call from us. JH Portfolio Debt Equities, LLC acquires charged-off accounts from some of the nation's largest lenders and works with select partners to resolve the accounts with consumers. Accounts are often considered charged-off when 180 days or more have passed without the required minimum monthly payment."

(https://jhportfoliodebtequities.corn/consumers)

**ANSWER: JHPDE denies the characterization of the quoted material and denies that it or JH Portfolio Debt Equities, LLC duns consumers. To the extent that this paragraph accurately quotes the cited webpage, no response is required because the webpage speaks for itself.**

20. In other cases, JHPDE hires collection agencies such as Central Credit Services, LLC to dun consumers.

**ANSWER: JHPDE admits that it hires collection agencies. JHPDE denies each and every allegation in Paragraph 20 not specifically admitted herein.**

21. JH Portfolio Equities' overall business is described as follows on a web site maintained under the assumed name of JH Capital Group: "JH Portfolio Debt Equities is a nationally licensed debt purchaser of charged off consumer debt, including credit card and consumer installment loans, healthcare, government, mortgage and student loan distressed debt. JH uses a variety of operational channels to maximize collections, and has developed a fully compliant collection platform that ISO 27001, SSAE 16 and PCI compliant as well as a network of partners who are just as devoted to compliance and customer service. JH is certified by the Debt Buyer's Association (DBA), and its clients include global financial institutions."

(https://jhcapitalgroup.com/portfolio/)

**ANSWER: JHPDE states that JH Portfolio Debt Equities, LLC does business as JH Capital Group. To the extent this paragraph accurately quotes the cited webpage, no response is required because the webpage speaks for itself.**

22. JHPDE is a debt collector as defined in the FDCPA.

**ANSWER: Denied.**

# FACTS

23.     Defendants have been attempting to collect from plaintiff an alleged credit card debt, incurred (if at all) for personal, family or household purposes and not for business purposes.

**ANSWER: JHPDE admits that Central Credit Services, LLC, on behalf of JHPDE, attempted to collect a credit card debt from Plaintiff. However, JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the debt was incurred (if at all) for personal, family or household purposes and not for business purposes.**

24.     On or about June 15, 2018, defendant Central Credit Services, LLC, acting on behalf of defendant JHPDE, as its authorized agent, sent plaintiff the letter attached as Exhibit A.

**ANSWER: Upon information and belief, admitted.**

25.     Exhibit A is the first letter plaintiff received from defendant regarding the alleged debt described therein.

**ANSWER: JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 25.**

26.     Exhibit A is a form letter, filled out by computer in a standardized manner.

**ANSWER: The allegations in Paragraph 26 are directed at a party other than JHPDE, thus no response is required. To the extent that a response is required, JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26.**

27.     On information and belief, based on its contents, Exhibit A is a form intended for use as the first letter defendant sends to a consumer regarding the debt described therein.

**ANSWER: The allegations in Paragraph 27 are directed at a party other than JHPDE, thus no response is required. To the extent that a response is required, JHPDE lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27.**

### Count I - FDCPA

28. Plaintiff incorporates paragraphs 1-27.

**ANSWER: For its response to Paragraph 28, JHPDE incorporates by reference its responses to Paragraphs 1-27 of the Complaint.**

29. The form letter attached as Exhibit A violates 15 U.S.C. § 1692e, 1692e(2), 1692e(10) and 1692g, in that it fails to coherently state the amount of the debt, as required, and is confusing and misleading as to the amount of the debt.

   a   The front of the letter states that the balance due is $5,674.35;

   b   At the top of the reverse side of the letter is an itemization which describes the same $5,674.35 number as the total due as of charge-off, and which further states that the debt has increased subsequent to charge-off by $431.43 interest and $212 non-interest fees and charges, and that there have been no payments or credits since charge-off.

**ANSWER: Denied. Furthermore, to the extent this paragraph accurately quotes the document attached to the complaint as Exhibit A, no response is required because the document speaks for itself.**

30. This is mathematically nonsensical: $5,674.35 + $431.43 + $212 - $0 is not $5,674.35.

**ANSWER: The allegations in Paragraph 30 do not require a response because the letter attached as Exhibit A speaks for itself.**

31. In addition, the letter is ambiguous and inconsistent as to whether interest, fees and other charges are continually being added to that debt.

**ANSWER: Denied.**

32. Section 1692g provides:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or and portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

**ANSWER: The allegations in Paragraph 33 contain conclusions of law to which no response is required.**

33. Section 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...

    (2) The false representation of-

    (A) the character, amount, or legal status of any debt; or

    (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt …

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer …

    **ANSWER: The allegations in Paragraph 33 contain conclusions of law to which no response is required.**

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER: JHPDE admits that Plaintiff filed this instant cause of action on behalf of himself and a purported class seeking redress for alleged violations of the FDCPA but denies any characterization that is inconsistent with the statutes and denies any violations thereof. JHPDE denies that it violated the FDCPA with respect to Plaintiff or his purported class. Further, JHPDE denies the existence of his purported class and denies that his purported class satisfies the requirements of Fed. R. Civ. P. 23.**

35. The class consists of (a) all individuals (b) with New York addresses, (c) to whom defendant Credit Central Services, LLC sent a letter in the form represented by Exhibit A (d) on behalf of defendant JHP, (e) where the amount listed for the debt as of the date of the letter does not equal the amount listed for the debt as of chargeoff plus any interest, charges and fees accrued since chargeoff minus any payments and credits since chargeoff, (f) which letter was sent any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

**ANSWER: JHPDE admits that Plaintiff filed this instant cause of action on behalf of himself and a purported class as described in Paragraph 36 but denies that it violated the FDCPA with respect to Plaintiff or her purported class. Further, JHPDE denies the existence of her purported class and denies that his purported class satisfies the requirements of Fed. R. Civ. P. 23.**

36. On information and belief, based on defendants' size and the use of a form letter, the class is so numerous that joinder of all members is not practicable.

**ANSWER: The allegations in Paragraph 36 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 36.**

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

**ANSWER: The allegations in Paragraph 37 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 37.**

38. Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: The allegations in Paragraph 38 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 38.**

39. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER: The allegations in Paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 39.**

40. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. Individual actions are not economically feasible.

b. Members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER: The allegations in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, JHPDE denies the allegations in Paragraph 40.**

## PRAYER FOR RELIEF

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

i. Statutory damages;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

**ANSWER: JHPDE denies that the Plaintiff is entitled to the relief demanded in her Prayer for Relief.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against JHPDE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, release, accord and satisfaction, or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's agreement with the original creditor contains an arbitration provision or a class action waiver. JHPDE demands that this matter be stayed, and that Plaintiff pursue her individual claims against Defendant in arbitration per the terms of her credit agreement. Therefore, Plaintiff lacks standing to bring this action in this forum. JHPDE reserves, and does not waive, its right to compel individual arbitration of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed with prejudice for lack of standing or capacity to sue.

### FIFTH AFFIRMATIVE DEFENSE

JHPDE maintains procedures that are reasonably calculated to ensure that the information required by 15 U.S.C. § 1692g is properly disclosed in the initial communication or within five days of the initial communication when not provided in the initial communication. JHPDE also maintains procedures that are reasonably calculated to ensure that communications are not confusing or misleading. If a violation of the FDCPA is determined to have occurred, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably calculated to avoid such error.

### SIXTH AFFIRMATIVE DEFENSE

JHPDE reserves the right to amend its answer and affirmative defenses herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

WHEREFORE, Defendant, JHPDE Finance 1, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint, and grant any and all other relief as the Court deems is just and equitable.

Dated: February 15, 2019

Respectfully Submitted,

MAURICE WUTSCHER, LLP

Attorneys for Defendant
JHPDE Finance 1, LLC
By: */s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served on this date via ECF, which will send electronic notification to the following:

Daniel A. Edelman, Esq.
Tiffany N. Hardy, Esq.
Cassandra P. Miller, Esq.
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
dedelman@edcombs.com
thardy@edcombs.com
cmiller@edcombs.com
courtecl@edcombs.com

Daniel C. Cohen, Esq.
Cohen & Mizrahi LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
dan@cml.legal

Andrew J. Blady, Esq.
Sessions Fishman Nathan & Israel
3682 Green Ridge Road
Furlong, PA 18925
ablady@sessions.legal

Dated: February 15, 2019

MAURICE WUTSCHER, LLP

Attorneys for Defendant
JHPDE Finance 1, LLC

By: */s/ Thomas R. Dominczyk*
Thomas R. Dominczyk
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822
(908) 237-4550
tdominczyk@mauricewutscher.com